```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                    HOT SPRINGS DIVISION
```

RONNIE K. BAYLEY                                          PLAINTIFF

v.                          Case No. 06-06048

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                            DEFENDANT

                ORDER ADOPTING REPORT AND RECOMMENDATION

Now on this 20th day of July, 2007, comes on for consideration the Report and Recommendation dated June 14, 2007, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

The background of Plaintiff's Complaint is fully set out in the Report and Recommendation of the Magistrate Judge. Plaintiff brought his action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). The Magistrate Judge recommended that the Administrative Law Judge's (ALJ) determination be AFFIRMED. Plaintiff filed objections to this Report and Recommendation on June 21, 2007. Plaintiff's objections are that Plaintiff's condition is a severe impairment, that his Residual Functional Capacity (RFC) was wrongly determined, and that the ALJ failed to properly consider

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

Plaintiff's disabilities as a whole.

The Court has considered the objections and has reviewed the case *de novo*. The Court finds the Report and Recommendation to be proper and should be and is hereby adopted in its entirety.

Plaintiff complained that chronic neck and back pain caused him to require prescription muscle relaxers and pain medication that resulted in undue side effects. The Court concludes the ALJ properly weighed the evidence presented, and that Plaintiff failed to demonstrate any functional loss associated with his use of those medications severe enough to meet or equal that of a listed impairment. To be disabling, a diagnosis must be a functional loss establishing an inability to engage in substantial gainful activity before a disability occurs. *Trenary v. Brown*, 898 F.2d 1361, 1364 (8th Cir. 1990).

Plaintiff also complained of the RFC analysis. The primary issue is not simply the existence of pain, but whether the pain precludes Plaintiff from the performance of a substantial gainful activity. *Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991). The ALJ determined the Plaintiff's complaints of pain were serious, yet not credible to the extent alleged. (Tr. 375-376). The ALJ determined Plaintiff's impairments did not prevent him from performing his past relevant work as an assignment clerk, and therefore, Plaintiff was not disabled within the meaning of the Act. (Tr. 378). As the Magistrate Judge indicated, Plaintiff's past work as an assignment clerk required him to sit at a desk, go

through paperwork, and fill out new paperwork.  Plaintiff now complains that his job requires him to bend, stoop, and lift in order to manipulate cables.  However, this describes a job Plaintiff held prior to the assignment clerk position which is not the criteria for his past relevant work.  The Court finds the ALJ properly determined Plaintiff's RFC through substantial evidence.

Plaintiff also contends the ALJ erred by questioning Plaintiff's credibility without considering Plaintiff's disability as a whole.  This argument is based on the ALJ's consideration of Plaintiff's playing of golf, claim of depression, use of medication, and condition of fibromyalgia.  The Court finds the ALJ properly evaluated Plaintiff's mental health complaints, his medication usage, and his fibromyalgia.

The Court adopts the Report and Recommendation (Doc. 9), affirms the decision of the Administrative Law Judge, and the Plaintiff's complaint is DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 20th day of July, 2007.

                                            /s/ Robert T. Dawson
                                            Honorable Robert T. Dawson
                                            United States District Judge